# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LOVELESS CAFE, LLC | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| KATIE KIME, INC. and JOHN DOES 1-10. | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff, Loveless Cafe, LLC ("Loveless Cafe"), by and through its undersigned counsel, brings this complaint against Defendants Katie Kime, Inc. and John Does 1-10 (collectively, "Katie Kime"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for Katie Kime's infringement of Loveless Cafe's federally registered trademarks under 15 U.S.C. § 1114(1); for its dilution of Loveless Cafe's marks under 15 U.S.C. § 1125(c); for its unfair competition under 15 U.S.C. § 1125(a)(1)(A); for its false advertising under 15 U.S.C. § 1125(a)(1)(B); for its infringement of Loveless Cafe's marks under Tenn. Code Ann. § 47-25-512; for its dilution of Loveless Cafe's marks under Tenn. Code Ann. § 47-25-513; for its violation of the Tennessee Consumer Protection Act of Tenn. Code Ann. § 47-18-104(b); for its common law trademark infringement; and for its common law unfair competition. Accordingly, Loveless Cafe seeks, among other relief, preliminary and permanent injunctions to prevent Katie Kime's continuing use of Loveless Cafe's valuable trademarks; for Loveless Cafe's

compensatory damages; treble damages; and attorneys' fees, costs, and punitive damages for Katie Kime's willful and intentional infringement.

## PARTIES

2. Loveless Cafe is a Tennessee limited liability company with its principal place of business and mailing address at 8400 Highway 100, Nashville, TN 37221-4012.

3. On information and belief, Katie Kime, Inc. is a Delaware corporation with its principal place of business at 2600 Mchale Ct., Ste. 145 Austin, TX 78758, a mailing address of 3006 Longhorn Blvd Ste 110 Austin, TX 78758-7631, and natural person Katie Kime as its registered agent.

4. John Does 1-10 are yet unidentified individuals and/or entities to be identified through discovery as wholesalers or retail distributors of the offending trademarks.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331(a), 1338, and 1367.

6. This Court has specific personal jurisdiction over Katie Kime because it has minimum contacts with Tennessee, it purposefully availed itself of the privilege of conducting activities in this District, its contacts arise out of and/or relate to the underlying controversy, and it is fair to hail it into this Court.

7. On information and belief, Katie Kime has sold infringing products in Tennessee via its website: www.katiekime.com.

8. Katie Kime's e-commerce website specifically targets consumers that favor Nashville, including a webpage dedicated to "NASHVILLE TOILE" and a webpage banner that states "BRING YOUR FAVORITE CITY HOME" and lists "NASHVILLE" as one of the cities. *See*

*Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F.3d 472, 483 (6th Cir. 2003) (per curiam) ("In this Circuit, operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state . . . if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." (internal citations omitted)).

9. Katie Kime's Tennessee contacts arise out of and/or relate to the underlying controversy because Loveless Cafe's famous Roadside Sign mark is wrongfully illustrated as part of Katie Kime's "NASHVILLE" merchandise pattern which is the basis for the underlying suit.

10. It is fair and comports with due process to require Katie Kime to litigate in the Middle District of Tennessee because several witnesses and evidence are located in the Middle District of Tennessee and Loveless Cafe's trademarks are most prominently recognized in Tennessee. Further, Tennessee has an interest in discouraging trademark infringement of Tennessee businesses such as the iconic Loveless Cafe restaurant.

11. This Court has specific personal jurisdiction over Katie Kime in accordance with Tennessee's Long Arm Statute. Tenn. Code Ann. §§ 20-2-201 and 20-2-223.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Middle District of Tennessee, where the Loveless Cafe restaurant is located. Alternatively, venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because venue is otherwise proper where a defendant is subject to personal jurisdiction.

## **FACTS**

13. Loveless Cafe is the owner of several trademarks, logos, characters, and service marks. Loveless Cafe has used its marks, including the marks specified below, in commerce for over 70 years.

3

89963827.v1

Case 3:24-cv-01199    Document 1    Filed 10/04/24    Page 3 of 10 PageID #: 19

14. The Loveless Cafe "Roadside Sign" mark is included in several Loveless Cafe federally-registered trademarks, including registration numbers 4734398, 4771602, 5106665, and 5380886 ("Roadside Sign Marks"). The Roadside Sign mark is depicted below:



15. The Loveless Cafe "Loveless" character mark is also included in several Loveless Cafe federally-registered trademarks and service marks, including registration numbers 4648241 and 4722368 ("Loveless Character Marks").

16. Katie Kime is violating Loveless Cafe's rights by prominently displaying the famous and distinctive Loveless Cafe Roadside Sign mark in Katie Kime's "Nashville Toile" design. Defendant's design is an exactingly close illustration of the Roadside Sign Marks. Below is a depiction of Defendant's image:



4

The above depiction is located at https://www.katiekime.com/products/nashville-toile-wallpaper?Color=Black&Size=Double+Roll, among other pages on Katie Kime's website.

17. Katie Kime's "Nashville Toile" design is marketed and sold on its website, www.katiekime.com, which may be accessed throughout the United States. Katie Kime is using the offending illustration of the Loveless Cafe restaurant and the Roadside Sign mark as a designation of source.

18. Katie Kime's website indicates it is selling goods containing Loveless Cafe's Roadside Sign mark on wallpaper, pajama sets, coaster sets, Lucite trays, fabrics, ice buckets, iPhone cases, Samsung Phone cases, and tea towel sets.

19. Katie Kime's website utilizes the Loveless Cafe mark in the "Nashville Toile" design because the Loveless Cafe is a "landmark" and its sign is an "icon."

20. Katie Kime does not have a license or the consent of Loveless Cafe or any other licensee or owner of any Loveless Cafe mark.

21. The Loveless Cafe Roadside Sign logo is a famous mark, as it is widely recognized by the general consuming public of Tennessee.

22. As introduced above, Loveless Cafe has sold consumer goods, including apparel, bearing the Roadside Sign mark to domestic and international customers in store, through mail-order catalogs, and online for decades—well before Katie Kime's first use of the "Nashville Toile" design.

23. Katie Kime's conduct has damaged and will continue to damage Loveless Cafe through the loss of revenue and inability to protect its brand and the goodwill of that brand.

24. Loveless Cafe attorneys wrote to Defendant Katie Kime, Inc., c/o Katie Kime, registered agent, informing the company of its infringing use of Loveless Cafe marks and

5

89963827.v1
Case 3:24-cv-01199    Document 1    Filed 10/04/24    Page 5 of 10 PageID #: 21

demanding it cease and desist all unauthorized uses of the Loveless Cafe marks. A true and correct copy of that letter is attached hereto as Exhibit A. Katie Kime ignored this letter, continuing to violate Loveless Cafe's rights and to cause Lov3006eless Cafe harm. As such, Katie Kime's conduct is willful and deliberate.

**FIRST CAUSE OF ACTION – FEDERAL TRADEMARK INFRINGEMENT**

25. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

26. Katie Kime has used and continues to use Loveless Cafe trademarks in connection with the sale of goods by prominently displaying the Loveless Cafe Roadside Sign Mark logo and by selling Loveless Cafe brand goods without Loveless Cafe's license or consent.

27. Katie Kime's use of Loveless Cafe marks is likely and intended to cause confusion among consumers as to the source of Katie Kime's goods and as to Loveless Cafe's sponsorship or approval of Katie Kime's sale of such goods.

28. Katie Kime's acts constitute trademark infringement under 15 U.S.C. § 1114(1).

29. Katie Kime's knowing conduct has harmed and continues to harm Loveless Cafe.

**SECOND CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION**

30. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

31. In addition to the acts described above, Katie Kime falsely represents, by willfully and prominently displaying the Loveless Cafe Roadside Sign mark in its "Nashville Toile" products, that its business and sale of goods are connected with Loveless Cafe, when they are not.

6

89963827.v1
Case 3:24-cv-01199    Document 1    Filed 10/04/24    Page 6 of 10 PageID #: 22

32. Katie Kime also falsely represents by selling Loveless Cafe trademarked goods without Loveless Cafe's consent that Katie Kime's sale of those goods is supported by Loveless Cafe, when it is not.

33. Katie Kime's conduct described above constitutes a false designation of origin of its goods and is likely to cause confusion and material deception as described above, thus constituting unfair competition under 15 U.S.C. § 1125(a)(1)(A).

34. Katie Kime's willful conduct has harmed Loveless Cafe and continues to harm Loveless Cafe.

### THIRD CAUSE OF ACTION – FEDERAL FALSE ADVERTISING

35. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

36. Katie Kime falsely represents, by willfully and prominently displaying the Loveless Café Roadside Sign trademark, that its business and sale of goods are connected with Loveless Cafe, when they are not.

37. Katie Kime's use of the Loveless Cafe logo deceives consumers by implying that Katie Kime's business is sponsored by or supported by Loveless Cafe, when it is not.

38. Katie Kime's commercial advertising and promotion, which misleads consumers by implying that Katie Kime's business is sponsored by or supported by Loveless Cafe, constitutes false advertising under 15 U.S.C. § 1125(a)(1)(B).

39. Katie Kime's willful conduct has harmed and continues to harm Loveless Cafe.

### FOURTH CAUSE OF ACTION – VIOLATION OF TENNESSEE ANTI-INFRINGEMENT LAW

40. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

41. Katie Kime has reproduced, copied, and imitated Loveless Cafe's trademarks in connection with the sale, offering for sale, distribution, and advertising of goods, and such use is likely and intended to cause confusion among consumers as to the source of Katie Kime's goods and as to Loveless Cafe's sponsorship or approval of Katie Kime's sale of such goods.

42. Thus, Katie Kime has violated Tennessee Code Annotated § 47-25-512.

43. Katie Kime's intentional conduct has harmed and continues to harm Loveless Cafe.

**FIFTH CAUSE OF ACTION – VIOLATION OF TENNESSEE ANTI-DILUTION LAW**

44. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

45. Katie Kime's use of Loveless Cafe's distinctive mark on Katie Kime's website after it became famous blurs the mark because Loveless Cafe is without control over Katie Kime's use of the mark and their promotion and sale of Loveless Cafe goods.

46. Katie Kime's conduct dilutes the famous Roadside Sign marks and has caused and will continue to cause the diminution of the distinctive quality of the marks.

47. Thus, Katie Kime has violated Tennessee Code Annotated § 47-25-513.

48. Katie Kime's conduct has harmed and continues to harm Loveless Cafe.

**SIXTH CAUSE OF ACTION – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT**

49. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

50. Katie Kime has reproduced, copied, and imitated Loveless Cafe's trademarks in connection with the sale, offering for sale, distribution, and advertising of goods, and such use is likely and intended to cause confusion among consumers as to the source of Katie Kime's goods and as to Loveless Cafe's sponsorship or approval of Katie Kime's sale of such goods.

51. Katie Kime's use of Loveless Cafe's famous Roadside Sign mark on Katie Kime's goods for sale constitutes unfair and deceptive practices and has damaged and will continue to damage Loveless Cafe through the loss of revenue and inability to protect its brand and the goodwill of that brand.

52. Thus, Katie Kime has violated Tennessee Code Annotated §§ 47-18-104(b).

53. Katie Kime's conduct has harmed and continues to harm Loveless Cafe.

**SEVENTH CAUSE OF ACTION – COMMON LAW TRADEMARK INFRINGEMENT**

54. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

55. Katie Kime has used Loveless Cafe's trademarks in connection with the sale, offering for sale, distribution, and advertising of goods and such use is likely to mislead and confuse ordinary purchasers, buying with ordinary caution.

56. Thus, Katie Kime's conduct constitutes common law trademark infringement under Tennessee Code Annotated § 47-25-516.

57. Katie Kime's conduct has harmed and continues to harm Loveless Cafe.

**EIGHTH CAUSE OF ACTION – COMMON LAW UNFAIR COMPETITION**

58. Loveless Cafe incorporates by reference and realleges the allegations of the preceding paragraphs as if fully set forth herein.

59. As shown above, Katie Kime has used and continues to use Loveless Cafe's name and mark so similar in general appearance that it is likely to deceive, mislead, and confuse the public.

60. Katie Kime has obtained the benefit of and traded on Loveless Cafe's goodwill and continues to do so. Katie Kime has damaged and will continue to damage Loveless Cafe's goodwill by using Loveless Cafe's marks without consent, which deprives Loveless Cafe of the ability to

control the use of its trademarks. Such conduct results in substantial loss or injury to Loveless Cafe.

61. Katie Kime's conduct has harmed and continues to harm Loveless Cafe.

## **PRAYER FOR RELIEF**

WHEREFORE, Loveless Cafe prays for the following relief against Katie Kime:

a) That the Court issue a permanent injunction under 15 U.S.C. § 1116 forever prohibiting Katie Kime from using any Loveless Cafe mark and from selling any Loveless Cafe goods without Loveless Cafe's license and consent;

b) That Katie Kime be ordered to produce for destruction all signs, labels, advertisements, or any other written or recorded material in its possession, custody, or control that contain a Loveless Cafe mark;

c) That the Court enter a judgment against Katie Kime in favor of Loveless Cafe for three times the actual damages caused by Katie Kime's trademark infringement;

d) That the Court enter a judgment against Katie Kime for punitive damages for its willful and prominent use of Loveless Cafe's marks and other conduct,

e) That the Court award Loveless Cafe its attorneys' fees and costs under 15 U.S.C. § 1117; and

f) Any other relief in its favor the Court deems just under the facts and applicable law.

DATED: this the 4th day of October, 2024.

/s/ John H. Dollarhide
John H. Dollarhide (BPR #040041)
BUTLER SNOW LLP
150 3rd Ave., Suite #1600
Nashville, TN 37201
(T) (615) 651-6700
(F) (615) 651-6701
(E) john.dollarhide@butlersnow.com