IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LOVELESS CAFÉ, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 3:24-cv-01199 |
| v. | ) | |
| | ) | Judge Eli J. Richardson |
| KATIE KIME, INC. and JOHN DOES 1-10, | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT

Pending is Plaintiff Loveless Café, LLC's Application for Clerk's Entry of Default against Defendant Katie Kime, Inc. (Doc. No. 7). For the following reasons, Plaintiff's Application is **DENIED** without prejudice.

Plaintiff filed this action on October 4, 2024. (Doc. No. 1). Summons was issued as to Katie Kime, Inc. c/o Katie Kime on October 7, 2024. (Doc. No. 7). On November 7, 2024, Plaintiff filed the pending Application, which includes the Declaration of John H. Dollarhide. (Doc. No. 9-1). Dollarhide states that Katie Kime, Inc. was served with process directed to its registered agent for service of process, Katie Kime, via Certified Mail, Return Receipt requested. Attached as Exhibit 3 to Dollerhide's Declaration is U.S. Postal Service ("USPS") information, including an unsigned and undated Return Receipt addressed to Katie Kime, Inc. c/o Katie Kime. (Doc. No. 9-3 at PageID #: 70). Also included in Exhibit 3 is a USPS tracking report indicating that the Certified Mail parcel was delivered on October 11, 2024 to "Front Desk/Reception/Mail Room". (*Id.* at PageID #: 68.) However, the tracking report does not include the signature of a recipient.

1

Pursuant to Local Rule 55.01, motions for entry of default as to corporate entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01 (i)-(ii). The Clerk finds that Plaintiff cannot verify service of process based upon the current record as required by Local Rule 55.01(i). As noted above, the Certified Mail receipt and tracking history appended to the Dollarhide Declaration does not provide a signature of an authorized recipient as required by the applicable rules of civil procedure.

Federal Rule of Civil Procedure 4 establishes the procedures for service of process on corporate defendants. When serving a domestic corporation pursuant to Federal law, a copy of the summons and complaint may be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Additionally, service upon a domestic corporation may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1), *see also* Fed. R. Civ. P. 4(h)(1)(A). When serving a domestic corporation pursuant to Tennessee law, a corporation may be served by delivering a "a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county where in the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4).

Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by "registered return receipt or certified return receipt mail." Tenn. R. Civ. P. 4.04(10). However, for service to be

effective, **any return receipt must be signed** by the defendant, a person designated by Rule 4.04, or by statute. Tenn. R. Civ. P. 4.04(10). As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.* If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.'" *Id.* (emphasis in original).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case, the USPS information appended to Dollarhide's Declaration does not include the signature of a recipient. As a result, service of process as to Defendant is ineffective. *See Cunningham v. Select Student Loan Help, LLC*, No. 3:15-CV-00554, 2016 WL 7368595, at *1 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted sub nom. Cunningham v. Select Student Loan Help, LLP*, No. 3:15-CV-00554, 2017 WL 10399393 (M.D. Tenn. May 25, 2017).

For the foregoing reasons, the Clerk **DENIES** without prejudice Plaintiff's Application for Clerk's Entry of Default as to Katie Kime, Inc. (Doc. No. 9).

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court